### The Finlay Brewing Co. v. The People of the State of Illinois, ex rel. Charles F. Mansfield, State's Attorney.

1. Remarks of counsel—*how preserved*. Remarks of counsel complained of as improper cannot be preserved for review by means of *ex parte* affidavits; a bill of exceptions is necessary.

2. Verdict—*when excessive*. A verdict for $8,000, in an action alleging the violation of the act providing that foreign corporations before doing business in the state must obtain a permit so to do, is excessive where business was done for but a short period.

Action to recover penalty. Appeal from the Circuit Court of Piatt County; the Hon. William G. Cochran, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed December 18, 1903.

Shunck & Thompson and James L. Hicks, for appellant.

H. J. Hamlin, Attorney General, and Charles F. Mansfield, State's Attorney, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an action of debt brought in the name of the People of the State of Illinois on the relation of the State's Attorney of the County of Piatt, against the Finlay Brewing Company, a corporation of Toledo, Ohio, to recover a penalty for violation of the Foreign Corporation Act by doing business in the State of Illinois without having previously obtained a permit from the Secretary of State in Illinois.

A trial by jury resulted in a verdict and judgment against the defendant in the sum of eight thousand dollars, from which this appeal is prosecuted.

For the reason that the case must be remanded for another trial, we refrain from expressing an opinion as to weight of the evidence bearing upon the merits of the controversy.

It is contended by appellee that appellant, an Ohio corporation engaged in that state in the manufacture and sale of intoxicating liquors, in the year 1902, established what is called a "cold storage" in or near the corporate limits of Monticello, in Piatt County of this state, for the sale of intoxicating liquors; that one cargo of liquor was shipped from its place of business in Ohio to the plant at Monticello, where it was received and a small quantity of it sold by one William White, who was in charge of the business, and that White was the agent of appellant.

The business was conducted but a short time. It was terminated by the arrest and conviction of White for a violation of the Dram-Shop Act. He received a fine and jail sentence for five months.

Appellant contends that White conducted all the business that was transacted; that he was not its agent or representative; that it sold White the liquor at Toledo, Ohio, and had nothing whatever to do with the business at Monticello; and that the transaction, so far as it was concerned, was an act of interstate commerce.

It is urged as a ground for reversal that counsel for ap-

pellee, but not of record here, made remarks to the jury in his closing argument which were calculated to prejudice and inflame them against appellant. The alleged improper remarks are sought to be brought to our attention by *ex parte* affidavits and not by the certificate of the trial judge in the bill of exceptions. Matters not appearing of record and occurring during the course of the trial must be preserved in the bill of exceptions to authorize this court to consider the same.

The verdict of the jury is so manifestly and grossly excessive that it can be attributed only to passion and prejudice, and the judgment on such verdict must, for that reason, be reversed and remanded.

*Reversed and remanded.*